UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 2:05-cr-78-FtM-33DNF

MICHAEL LYNDE ROGERS
_____/

**ORDER**

This cause comes before the Court pursuant to the Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. # 52), filed on February 26, 2008. Rogers filed a response on March 6, 2008. (Doc. # 53.) For the reasons stated below, the government's motion is GRANTED and Rogers' sentence is reduced consistent with a two-level reduction in his offense level.

The government requests a two-level downward adjustment to Rogers' sentence as a reward for Rogers' agreement to testify against a defendant in a state murder case. (Doc. # 52.) When the murder defendant learned that Rogers would be a witness against him, the murder defendant pleaded guilty to all charges. (Doc. # 52.)

Rogers requests a six-level downward adjustment to his sentence. This adjustment is warranted for two reasons, according to Rogers. First, Rogers helped to convict a particularly

1

dangerous murder defendant.  (Doc. # 53.)  This action was both socially helpful and personally risky.  Second, Rogers' original sentence was particularly harsh because it was computed considering misconduct by Rogers that occurred long ago.  (Doc. # 53.)  The Court has considered the first reason advanced by Rogers, and now determines that a two-level downward adjustment is an appropriate reward for Rogers' assistance.

The Court may not consider Rogers' second reason as justification for reducing his sentence.  In reducing a defendant's sentence under Rule 35(b), a court may consider only the defendant's "subsequent, substantial assistance in the investigation or prosecution of another person." United States v. Chavarria-Herrara, 15 F.3d 1033, 1037 (11th Cir. 1994) (internal quotation marks omitted); see also United States v. Manella, 86 F.3d 201, 204 (11th Cir. 1996) ("[T]he only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance.  Nothing in the text of the rule purports to limit what factors may militate against granting a Rule 35(b) reduction.  Similarly, the rule does not limit the factors that may militate in favor of granting a smaller reduction.")  Rogers' second reason is entirely unrelated to his assistance to the government in investigating or prosecuting another person.  Thus, the Court may not consider Rogers' second reason as a factor justifying a reduction in his sentence.

The Defendant was sentenced herein to a term of imprisonment of 188 months. (Doc. # 39.) Pursuant to the government's motion, there now exists a sufficient basis for a two-level downward departure from Rogers' sentence based upon substantial assistance provided by Rogers. Fed. R. Crim. P. 35(b). The Court has evaluated the government's motion and Rogers' response, together with a review of Rogers' Presentence Report and the history of this case, and determines that an adjustment to Rogers' sentence consistent with a two-level reduction in his offense level is warranted by Rogers' assistance in the prosecution of a state murder defendant. The Court declines to consider whether a reduction is warranted because Rogers' original sentence was harsh. The Court determines that no hearing is necessary to resolve the merits of the government's motion.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. # 52) is hereby GRANTED, and the term of imprisonment previously imposed is reduced from 188 months to 151 months. The Judgment (Doc. # 39) shall be amended to reflect this reduction.

2. The Courtroom Deputy Clerk shall amend the original judgment to reflect the changes herein. All other terms and conditions of the Judgment are affirmed and ratified.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>17th</u> day of March 2008.

                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                  UNITED STATES DISTRICT JUDGE

Copies:   Counsel of Record
          Bureau of Prisons
          U.S. Marshals Service
          U.S. Probation Office